IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02936-BNB

ANTHONY T. WRIGHT, SR.,

    Plaintiff,

v.

LAKEWOOD POLICE AGENT STRUCK,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Anthony T. Wright, Sr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  Mr. Wright filed *pro se* a Prisoner Complaint (ECF No. 10) pursuant to 42 U.S.C. § 1983 for money damages and an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 7).

    On January 1, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 15) directing Mr. Wright to file within thirty days an amended Prisoner Complaint that sued the proper parties, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, asserted facts to support a claim of an actual or threatened injury, and alleged the personal participation of each named Defendant.  On February 20, 2014, Mr. Wright filed an amended Prisoner Complaint (ECF No. 22).

    Mr. Wright has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.  *See* ECF No. 8.  Pursuant to § 1915(e)(2)(B)(i), the Court

must dismiss the action if the claims Mr. Wright asserts are frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

The Court must construe the amended Prisoner Complaint liberally because Mr. Wright is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*  For the reasons stated below, the Court will dismiss the amended Prisoner Complaint and the instant action.

Mr. Wright contends that when he was a resident of the Denver West Motel on Colfax Avenue in Lakewood, Colorado, Defendant Agent Struck would harass him verbally on a daily basis.  As his first claim, he contends that he is incarcerated in the DOC and he has been in two "fights" with people from the Denver West Motel who overheard Agent Struck's comments.  ECF No. 22 at 4.

As his second claim, Mr. Wright contends that Agent Struck harassed him for two years when he lived at the Denver West Motel, told people he was a drug addict, and made him feel racially profiled.  As his third claim, Mr. Wright contends Agent Struck, by labeling him as a confidential informant, is responsible for making people dislike him

2

and want to do him harm and for racially profiling him.

Mr. Wright's allegations are vague and conclusory. Mr. Wright's claims that verbal harassment by Agent Struck lead to mental and physical anguish and pain lack factual support, are legally frivolous, and must be dismissed. Plaintiff does not allege he suffered any physical injury at the hands of Defendant. Therefore, even if Plaintiff's amended Prisoner Complaint stated a cause of action under § 1983, it would be barred by 42 U.S.C. § 1997e(e) because Plaintiff has failed to allege a prior physical injury. In addition, merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Moreover, mere verbal abuse is not a constitutional violation actionable under § 1983. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *see also Gehl Group v. Koby*, 838 F. Supp. 1409, 1418 (D. Colo. 1993) (Mere threatening language and gestures of a state actor do not, even if true, amount to constitutional violations.).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that any pending motions are dismissed as moot.

DATED at Denver, Colorado, this   18th   day of   April  , 2014.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court